UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NOCAMS MUSKEGO, INC., et al.,

Plaintiffs,

v. Case No. 2:26-CV-01863-SCD

CITY OF MUSKEGO, et al.,

Defendants.

---

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO REMAND**

---

WISCONSIN INSTITUTE FOR
LAW & LIBERTY

Daniel P. Lennington (#1088694)
Rebecca C. Furdek (#1101543)
Kirsten A. Atanasoff (#1116561)

1241 N. Franklin Place
Milwaukee, WI 53202
Phone: (414) 727-9455

Dan@will-law.org
Rebecca@will-law.org
Kirsten@will-law.org

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

INTRODUCTION ........ 1

STANDARD OF REVIEW ........ 1

ARGUMENT ........ 2

I. To justify removal, Defendants bear the burden of establishing jurisdiction in this Court—including under Article III. ........ 2

II. Because Defendants had no objectively reasonable basis for removal of this action, an award of costs and fees is appropriate. ........ 5

CONCLUSION ........ 8

## INTRODUCTION

Defendants seek to have things both ways: invoking this Court's jurisdiction for the purpose of securing their preferred federal forum, while simultaneously denying that this Court has jurisdiction for the purpose of getting the case dismissed. This strategy attempts to game the system, and it's one that the Seventh Circuit (and others) have repeatedly foreclosed. Established law is clear that the party seeking removal has the burden of showing that jurisdiction exists. Standing—an element of jurisdiction that Defendants vehemently deny exists here—is no exception. Thus, Defendants have failed by their own positions to carry their burden that the Court has jurisdiction to hear the case, and their removal attempt fails.

Just as clearly established law counsels that jurisdiction cannot simultaneously exist for the purposes of removal and be absent for purposes of a motion to dismiss, it also counsels that remand is mandatory in cases where the removing party fails to bear their burden of showing jurisdiction. And when the unsuccessful removing party lacked an objectively reasonable basis to seek removal, the party opposing removal is entitled to recover their costs and attorney's fees for opposing that effort.

## STANDARD OF REVIEW

An action may be removed from state to federal court if the federal district court would have had original jurisdiction over the complaint had it been filed in federal court in the first place. 28 U.S.C. § 1441. However, courts "presume that the plaintiff may choose his or her forum." *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d

910, 913 (N.D. Ill. 2016). Thus, "the burden of establishing federal jurisdiction falls on the party seeking removal." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citing *Wilson v. Repub. Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

In determining whether removal is proper under § 1441, a district court must construe the removal statute narrowly and resolve any doubts regarding subject matter jurisdiction in favor of remand. *Doe*, 985 F.2d at 911; *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982). If it appears that the Court lacks subject-matter jurisdiction, "the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

## ARGUMENT

### I. To justify removal, Defendants bear the burden of establishing jurisdiction in this Court—including under Article III.

Plaintiffs filed this case in state court. On October 7, 2026, Defendants removed this case to this Court, asserting that "[p]ursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over both of Plaintiffs' claims." *See* ECF No. 1, ¶ 9. That same day, Defendants also moved to dismiss those same claims, asserting that Plaintiffs lack Article III standing to pursue their claims in this federal Court. *See* ECF Nos. 3–4. What Defendants' position overlooks, however, is that removal requires them to show that the Court *does* have jurisdiction. They simply cannot meet this burden to establish jurisdiction while simultaneously arguing that Plaintiffs lack standing, *i.e.* that the Court lacks subject-matter jurisdiction. *See, e.g.*, *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1057 (7th Cir. 2018) ("Standing is an element of subject-matter jurisdiction in a federal civil action.").

Case law dictates that when a party removes a case to federal court and then moves to dismiss for lack of Article III standing, the case was never properly removable in the first place and remand is required. "As the party invoking federal jurisdiction," Defendants "had to establish that all elements of jurisdiction—*including Article III standing*—existed at the time of removal." *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) (emphasis added) (citing *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing" Article III standing)); *see also Tri-State Water Treatment, Inc., v. Bauer*, 845 F.3d 350, 352–53 (7th Cir. 2017) (cert. denied) (instructing that "'the party seeking removal' must establish federal jurisdiction."). While a plaintiff who brings their case in federal court would normally bear the burden of jurisdictional components like standing, "the roles are reversed and the burden flips" where, as here, "a case is removed from state court." *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1151 (7th Cir. 2020). "In th[at] procedural posture, *the defendant*, as the proponent of federal jurisdiction, must establish the plaintiff's Article III standing. *Id.* (emphasis in original). When the removing party fails to do so, remand is required. *Mocek*, 220 F. Supp. 3d at 912–13.

Defendants' exact strategy here was squarely addressed (and rejected) by the federal district court in *Mocek v. AllSaints USA Limited*, 229 F. Supp. 3d 910 (N.D. Ill. 2016). There, like here, the defendant removed the case from state court, then—with no change in circumstances affecting jurisdiction—moved to dismiss the case for lack of standing. *See id.* at 911. The court explained "as a general matter" that federal

courts "should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id*. at 913 (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

As such, "when 'no party shoulders the burden of proving jurisdiction,' remand is required under § 1447(c)." *Mocek*, 220 F. Supp. 3d at 912 (quoting *Black v. Main St. Acquisition Corp.*, 2013 WL 1295854 at *1 (N.D.N.Y. Mar. 27, 2013); s*ee also Hopkins v. Staffing Network Holdings, LLC*, No. 16 C 7907, 2016 WL 6462095, at *4 (N.D. Ill. Oct. 18, 2016) (calling remand under § 1447(c) in similar circumstances "mandatory" and explaining the "doctrine of standing is the business of the [state] courts"); *O'Boyle v. Unifin, Inc.*, 2023 WL 6579205, at *2 (E.D. Wis. Oct. 10, 2023) ("If a removed case lacks Article III standing, it is appropriate to remand the action back to state court."); *Lutostanski v. Brown*, 88 F.4th 582, 587 (5th Cir. 2023) ("[28 U.S.C.] § 1447(c)'s text includes no exceptions.").

Here, like in *Mocek*, Defendants "tr[y] to have it both ways by asserting, then immediately disavowing, federal jurisdiction" in an attempt to plant one foot inside the federal courthouse just to step back out. *Mocek*, 220 F. Supp. 3d at 914. But as "the party that wants the federal forum," Defendants are "the one that ha[ve] the burden of establishing the court's authority to hear the case." *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021). "As applied" here, that means the Defendant "must show" that Plaintiffs "ha[ve] Article III standing." *Id.* Defendants did not even attempt to meet their burden to establish that "all elements of jurisdiction—including Article III standing—existed at the time of removal." *Collier*,

889 F.3d at 896. Rather, they removed the case, declaring that this Court has jurisdiction, yet simultaneously sought to have the case thrown out on that same ground. *See* Dkt. 4, at 8.

As such, because Defendants failed to "shoulder[ ] the burden of proving jurisdiction, remand is *required* under § 1447(c)." *Mocek*, 220 F. Supp. 3d at 912 (emphasis added) (quoting *Black*, 2013 WL 1295854 at *1).

## II. Because Defendants had no objectively reasonable basis for removal of this action, an award of costs and fees is appropriate.

The Seventh Circuit and "[n]umerous other courts" have addressed this kind of tactic and have "uniformly" agreed that a lack of standing in a removed case should result in remand, not dismissal.[1] In other words, the costs of having to defend against this meritless, objectively unreasonable removal were completely avoidable. As such, Plaintiffs request that Defendants bear the costs of litigating the removal and remand under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."

While Plaintiffs' counsel is a non-profit firm that does not charge its clients fees, "non-profit counsel[ ] do incur expenses if the time and resources they devote to

[1] *Hill v. Vanderbilt Cap. Advisors, LLC*, 702 F.3d 1220, 1225 (10th Cir. 2012). *See, e.g.*, *Maine Ass'n of Interdependent Neighborhoods v. Dep't of Hum. Servs.*, 876 F.2d 1051, 1054 (1st Cir. 1989) (28 U.S.C. § 1447(c) required remand, not dismissal, where plaintiff lacked standing in removed case); *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 540 (3d Cir. 1994) (same); *Lutostanski v. Brown*, 88 F.4th 582, 587 (5th Cir. 2023) (same); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 497 (6th Cir. 1999) (same); *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) (same); *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014) (same); *Ladies Mem'l Ass'n, v. City of Pensacola*, 34 F.4th 988, 994 (11th Cir. 2022).

one case are not available for other work." *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000) (collecting cases). "Unjustified removal complicates and extends litigation; the American Rule requires parties to bear their expenses in one set of courts, but when their adversary wrongfully drags them into a second judicial system, the loser must expect to cover the incremental costs." *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000) (citations omitted); *Hotline Indus.*, 236 F.3d at 367–68 (same).

An award for fees and costs in removal cases is generally justified when "the removing party lacked an objectively reasonable basis for seeking removal." *Wisconsin v. Amgen*, 516 F.3d 530, 534 (7th Cir. 2008) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)). In *Lott v. Pfizer, Inc.*, the Seventh Circuit held that a defendant had an objectively reasonable basis for removal "if clearly established law did not foreclose a defendant's basis for removal . . ." 492 F.3d 789, 793 (7th Cir. 2007). Costs and fees for improper removal may even be "awarded when removal is clearly improper, but not necessarily frivolous." *Jackson Cty. Bank v. DuSablon*, 915 F.3d 422, 424 (7th Cir. 2019) (internal citation omitted).

Here, removal was both improper and frivolous, since it is foreclosed by clearly established law. *Mocek* is once again instructive. In *Mocek*, like here, "defendants tried to have it both ways by asserting, then immediately disavowing, federal jurisdiction, apparently in hopes of achieving outright dismissal." 220 F. Supp. 3d at 914. In noting that "no court has afforded that relief under similar circumstances," the court had "no trouble concluding that defendant lacked an 'objectively reasonable

basis for seeking removal.'" *Id.* at 915. The court thus held plaintiff was "entitled to recover" its attorney's fees. *See id.* at 914–15. After all, stated the court, "it should have been obvious to defendant, based on well-settled law, that . . . the only possible outcome was for the case to end up right back where it started: in state court." *Id.* at 914–15.

The same reasoning applies here with even more force. If it "should have been obvious" to the *Mocek* defendant that it could not both claim jurisdiction for the purpose of removal, while disavowing it for the purpose of dismissal on the merits, it should be *even more* obvious to Defendants here, who have the benefit of *Mocek* and additional cases explicitly recognizing that case law is well-settled on the subject. *See, e.g.*, *Roberts v. Dart Container Corp. of Illinois*, 2018 WL 3015793 (N.D. Ill. Mar. 12, 2018); *cases cited supra* at pp. 3–5, n. 1.

Plaintiffs' counsel contemporaneously tracked their time so that their fee request will reflect only "actual outlays" as required by Section 1447(c). *Hotline Indus.*, 236 F.3d at 367. Defendants' decision to delay this litigation by improperly removing it from state court has resulted in Plaintiffs' counsel dedicating hours of time to contesting the removal that would otherwise have been spent on other active cases.

Further, unless and until this Court postpones[2] the 21-day deadline for Plaintiffs' responses to Defendants' other two pending motions, Plaintiffs will also be

---

[2] Because remand is mandatory here and because, as Plaintiffs point out, this Court should leave all defenses on the merits to the state court, the Plaintiffs will

devoting resources to preparing those, which would become moot if remand is granted. If removal was improper and remand is appropriate, the Court should decline to rule on those motions. *See, e.g.*, *Roberts v. Dart Container Corp. of Illinois*, 2018 WL 3015793, at *2 (N.D. Ill. Mar. 12, 2018) (dismissing as "frivolous" defendant's motion to dismiss for lack of standing where defendant's denial of jurisdiction meant removal was inappropriate); *Wisconsin Dep't of Health Serv. v. Payne*, No. 23-CV-899-PP, 2023 WL 6130126, at *2 (E.D. Wis. Sept. 19, 2023) (remanding case and denying as moot defendant's other pending motions, explaining defendant can present his defenses in state court). In any event, Defendants' standing arguments fail if remand is appropriate because "the constraints of Article III do not apply to state courts." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).

Plaintiffs request that this Court honor the rationale of fee-shifting rules like Section 1447(c), namely that "the victor should be made whole—should be as well off as if the opponent had respected his legal rights in the first place." *Hotline Indus.*, 236 F.3d at 367.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that this Court immediately remand this case to the Circuit Court for Waukesha County and award Plaintiffs their reasonable costs and attorney's fees associated with contesting removal.

Dated: October 14, 2026

---

request that this Court stay briefing or consideration on the Defendants' motion to dismiss until after the Court decides the motion to remand.

Respectfully submitted,

WISCONSIN INSTITUTE
FOR LAW & LIBERTY

*s/ Daniel P. Lennington*

Daniel P. Lennington (#1088694)
Rebecca C. Furdek (#1101543)
Kirsten A. Atanasoff (#1116561)

1241 N. Franklin Place
Milwaukee, WI 53202
Phone: (414) 727-9455

Dan@will-law.org
Rebecca@will-law.org
Kirsten@will-law.org

*Attorneys for Plaintiffs*