**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

---

NOCAMS MUSKEGO, INC.,
CITIZENS DEFENDING LIBERTY,
and DONAVAN HAIDINGER,

Plaintiffs,

Case No. 26-CV-1863

v.

CITY OF MUSKEGO, CITY OF OCONOMOWOC,
CITY OF NEW BERLIN, VILLAGE OF MUKWONAGO,
CITY OF WAUKESHA, CITY OF DELAFIELD,
VILLAGE OF HARTLAND, CITY OF BROOKFIELD,
VILLAGE OF MENOMONEE FALLS, VILLAGE OF
ELM GROVE, VILLAGE OF PEWAUKEE and
WAUKESHA COUNTY,

Defendants.

---

**DEFENDANTS' RESPONSE BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

---

The Defendants, by their attorneys Crivello, Nichols & Hall, S.C., submit this response brief in opposition to Plaintiffs' Motion to Remand. (Dkt. 11).

## STANDARD OF REVIEW

"As a general matter, defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.' The propriety of removal thus depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a) and citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987));

*Franchise Tax Bd. Of State of Cal. V. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 8 (1983)). One way federal courts can have original jurisdiction is if the complaint contains one or more federal questions. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Although courts should presume that a plaintiff may choose its forum, "a plaintiff may not dodge federal court, and so engage in dreaded forum shopping, by artful pleading." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (internal quotations omitted) (citing *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 576 (7th Cir. 1982) and *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981)).

## ARGUMENT

### I. THIS COURT SHOULD STAY ITS DECISION ON PLAINTIFFS' MOTION TO REMAND UNTIL THE SEVENTH CIRCUIT ISSUES A DECISION IN *SCHOLL V. ILLINOIS STATE POLICE*

As Defendants explained in their motion to stay, in *Scholl v. Illinois State Police*, which was argued before a Seventh Circuit panel on September 29, 2026, the defendants' arguments regarding the merits of Scholl's Fourth Amendment claims, as well as her standing, are similar to those Defendants have made here in their motion to dismiss. *Compare* 776 F. Supp. 3d 701 *with* (Dkt. 3); *see also* (Dkt. 5). This Court "has the inherent power to issue a stay to promote efficiency and to save time and money for litigants." *Johnson v. Navient Sols., Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A stay is appropriate here because the Seventh Circuit's decision in *Scholl* is poised to decide many of the fundamental disagreements between the parties.

Most importantly, the Seventh Circuit's decision in *Scholl* is poised to either buttress or undermine the standing arguments advanced in Defendants' motion to dismiss. For this reason,

Defendants request that this Court stay its decision on Plaintiffs' motion to remand pending the outcome of *Scholl v. Illinois State Police* before the Seventh Circuit.

## II. THIS COURT CAN AND SHOULD MAKE ITS OWN DETERMINATION OF PLAINTIFFS' ARTICLE III STANDING

Plaintiffs argue that this case should be remanded to state court because Defendants did not meet their burden of establishing that Plaintiffs' have Article III standing, but rather argued in their motion to dismiss that Plaintiffs lack such standing, in addition to the argument that Plaintiffs' failed to state a claim. *See* (Dkt. 12, pp. 4-7); *see also* (Dkt. 4). Plaintiffs' brief, notably, does not take a position on the matter of their own standing. *See* (Dkt. 12).

Though the court in *Mocek v. Allsaints USA Limited*, on which Plaintiffs rely heavily, declined to make an independent determination of the Plaintiffs' Article III standing, or lack thereof, this Court is certainly not foreclosed from doing so here. *See* 220 F. Supp. 3d 910, 912 (discussing *Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818 (7th Cir. 2016)); *see also* (Dkt. 12, pp. 5-7) (discussing *Mocek*, 220 F. Supp. 3d 910). As the Seventh Circuit explained in *Meyers,* "[i]t is certainly true that a court may not decide the merits of a case without subject matter jurisdiction even if the parties have not themselves raised it." 836 F.3d at 821. But that does "not mean that a federal court must consider subject matter jurisdiction over all other threshold matters. To the contrary, 'a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.'" *Id.* (internal citation omitted) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)).

In *Meyers*, the Seventh Circuit exercised its discretion by *not* remanding the district court to make a determination regarding subject matter jurisdiction, but rather made its determination that the plaintiff's claims were barred by sovereign immunity. *See* 836 F.3d at 822. In the court's words, it declined to remand to the district court for a determination regarding subject matter

jurisdiction because "another threshold issue [was] easily answered—that is whether the plaintiff can obtain relief from the defendant through this suit." *Id.*

In short, this Court is empowered to make its own determination as to Plaintiffs' Article III standing, and should do so here, rather than solely relying on Defendants' arguments intended to preserve a defense and Plaintiffs' silence as to the issue.

## III. PLAINTIFFS' REQUESTS FOR AN AWARD OF COSTS AND FEES SHOULD BE DENIED

Plaintiffs argue that "removal was both improper and frivolous," and therefore they should be awarded attorney's costs and fees. (Dkt. 12, p. 6). Defendants ask that Plaintiffs' requests for costs and fees be denied.

"The appropriate test to award fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). "Absent unusual circumstances, courts *may* award attorney's fees under § 1447(c) *only* where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (internal citations omitted) (emphasis added).

Plaintiffs argue that *Mocek* supports their argument. (Dkt. 12, pp. 6-7) (discussing 220 F. Supp. 3d 910 (N.D. Ill. 2016)). However, *Mocek* differs from the situation here in two important respects. The *Mocek* court found that "it should have been obvious to defendant . . . that with no party asking for the merits of plaintiff's claim to be decided in federal court, and both sides arguing against federal jurisdiction, the only possible outcome was for the case to end up right

back where it started[.]"220 F. Supp. 3d at 914–15. Here, Plaintiffs do not take a position on Article III standing. Rather, they simply argue that Defendants have not met their burden of establishing it. *See, generally*, (Dkt. 12). In addition, Defendants *do* ask this Court to address the merits of Plaintiffs' complaint—Defendants' standing argument is presented *in addition to* Defendants' argument that Plaintiffs' complaint fails to state a claim in the first instance. *See* (Dkt. 4, pp. 3-8). This Court could very conceivably find that Defendants' arguments regarding Plaintiffs' Article III standing are without merit, but that Plaintiffs have otherwise failed to state a claim upon which relief could be granted.

For all of the foregoing reasons, Defendants request that Plaintiffs' request for costs and fees be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny the Plaintiffs' motion for remand and as well as their request for associated costs and fees.

Dated this 4th day of November, 2026.

CRIVELLO, NICHOLS & HALL, S.C.
Attorneys for Defendants

By: *s/Molly K. Woodford*

SAMUEL C. HALL, JR.
State Bar No. 1045476
MOLLY K. WOODFORD
State Bar No. 1126884
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Phone: 414-271-7722
Email: shall@crivellolaw.com
mwoodford@crivellolaw.com