UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NOCAMS MUSKEGO, INC., et al.,

Plaintiffs,

v. Case No. 2:26-CV-01863

CITY OF MUSKEGO, et al.,

Defendants.

# PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND

WISCONSIN INSTITUTE FOR LAW & LIBERTY

Daniel P. Lennington (#1088694)
Rebecca C. Furdek (#1101543)
Kirsten A. Atanasoff (#1116561)

1241 N. Franklin Place
Milwaukee, WI 53202
Phone: (414) 727-9455

Dan@will-law.org
Rebecca@will-law.org
Kirsten@will-law.org

*Attorneys for Plaintiffs*

## INTRODUCTION

Defendants offer no response to Plaintiffs' core critique: that Defendants cannot meet their burden to establish the federal court's subject matter jurisdiction while expressly disavowing Article III standing. Plaintiffs' opening memorandum provided ample case law showing that this situation makes removal improper, remand required, and this Court's inquiry over. Defendants point to no authority to the contrary. Whatever the Seventh Circuit may decide in a case that also happens to deal with Automated License Plate Readers—but, notably, does not deal with removal—does not change that calculus. This Court should remand to state court and award Plaintiffs their costs and fees incurred as a result of this removal.

## ARGUMENT

### I. This Court need not stay a decision on the motion to remand pending the outcome of *Scholl*.

Defendants' response brief begins by repeating their request to stay the Court's decision here pending the outcome of *Scholl v. Illinois State Police*, 776 F. Supp. 3d 701 (N.D. Ill. 2025). Defendants invoke the arguments they already made in their motion to stay. Dkt. 16, at 2 ("As Defendants explained in their motion to stay…"); *see also* Dkt. 5 (Motion to Stay). In the interests of efficiency and not incurring unnecessary attorney's fees, Plaintiffs previously requested that this Court stay briefing on Defendants' proposed *Scholl* stay (and their simultaneously-filed motion to dismiss) until the threshold issue of remand has been decided. The Court granted that motion on October 16, allowing Plaintiffs to wait until after the remand motion

has been decided to respond. Apparently disregarding that decision, Defendants invoke their *Scholl* stay arguments here and invite Plaintiffs to respond, anyway.

At bottom, the Court need not wait for *Scholl* to be decided because that case has no bearing on the question before it at this juncture: whether remand is appropriate. True, *Scholl* also deals with a Fourth Amendment challenge to Automated License Plate Reader technology and standing is among the issues challenged. But that is where the similarities end. *Scholl* does not challenge Flock cameras, and the plaintiffs in that case are not making the same argument Plaintiffs do here: that a search of the Flock database constitutes a Fourth Amendment search. The *Scholl* plaintiffs do not rely on the same theory of standing that Plaintiffs' complaint does here, either. In any event, no outcome of that case would change the removal analysis. Indeed, as best Plaintiffs can tell, the *Scholl* plaintiffs brought their suit in federal court, so removal was never at issue. And, for reasons explained below, even if *Scholl* sets new rules for Article III standing in ALPR cases, that would have no impact on the remand inquiry before the Court today. Establishing Article III's standing was Defendants' burden to bear, and they have failed to do so by expressly disavowing it. Case law does not support the notion that they can wait on a pending case to do it for them.

If Defendants want *Scholl*'s impact on the merits of this case to be taken into account, they are free to bring those arguments before the court that has jurisdiction of the case at the merits stage. But it is of no consequence at this juncture, where the

Court must consider whether it has subject-matter jurisdiction in the first place before proceeding to the merits.

## II. Defendants offer no legal authority showing their burden to establish Article III standing should be alleviated in this case.

Plaintiffs' opening memorandum cites numerous cases supporting that "the burden of establishing federal jurisdiction falls on the party seeking removal." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *see also Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018); *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1151 (7th Cir. 2020); *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352 (7th Cir. 2017). When "no party shoulders [that] burden[,] . . . remand is required under § 1447(c)." *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 912 (N.D. Ill. 2016) (quoting *Black v. Main Street Acquisition Corp.*, No. 11-cv-0577, 2013 WL 1295854 (N.D.N.Y. Mar. 27, 2013)). And "[a]ny doubt regarding jurisdiction should be resolved in favor of the states." *Doe*, 985 F.2d at 911. Defendants take the contrary position—that their failure to carry their standing burden does not require remand—without citing any case law in support of that proposition.

Perhaps recognizing that the law does not support them outright, Defendants' position rests on two implied premises: (1) that establishing Article III standing is not truly their burden alone to prove; and (2) that the Court is free to address the standing inquiry in the context of dismissal, rather than removal. Both arguments fail. Plaintiffs cited several cases ruling that standing *is* Defendants' burden to bear, including two cases that specifically dealt with a defendant doing exactly what they

are doing here: removing a case to federal court while maintaining that standing is lacking. *Mocek*, 220 F. Supp. 3d 910; *Collier*, 889 F.3d 894. All those cases confirm the burden is the defendant's and that the failure to carry that burden requires remand. If any court has ever relieved a removing party of that burden by taking jurisdiction of a case even when the removing party said standing was lacking, Defendants fail to cite such a case. *Contra Mocek*, 220 F. Supp. 3d at 914 (explaining "no court has afforded that relief under similar circumstances").

Second, Defendants suggest that the Court is free to evaluate standing as a matter of dismissal instead of removal. Reading between the lines, this argument points to the conclusion that perhaps the Court is free to dismiss, instead of remand the case, as a result of Defendants' position that Plaintiffs lack standing. But that is not so. *Collier*—a case that Plaintiffs cite in their opening memo but to which Defendants offer no response—pointedly rejects that argument. *Collier*, 889 F.3d 894. In that case, as here, neither party claimed Article III standing was satisfied after it had been removed to federal court. *Id.* at 895. The plaintiffs argued that a lack of standing required remand, while the defendants claimed that it required dismissal. *Id.* The district court agreed with defendants and dismissed. *Id.* The Seventh Circuit reversed, explaining that lack of standing meant "the case was not removable" and remanding instead. *Id.*

To support their arguments, Defendants offer this Court only one case, *Meyers v. Oneida Tribe of Indians of Wisconsin*, but that case is inapposite. 836 F.3d 818 (7th Cir. 2016). Notably, *Meyers* did not address removal at all. The "remand" Defendants

note the Seventh Circuit decided against in that case was a remand *to the federal district court* on appeal, not back to a state court following improper removal. The statute at issue here, 28 U.S.C. § 1447 "Procedure after removal generally," explicitly governs a remand back to state court after removal to federal court, not a remand on appeal. And that statute is plain that remand is not discretionary; it says "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, *the case shall be remanded*." 28 U.S.C. § 1447(c) (emphasis added). Thus, to the extent Defendants offer *Meyers* as support that remand to the state court is a discretionary matter, they are mistaken.

Defendants also appear to rely on *Meyers* as support that this Court should address standing before deciding to remand. But the *Mocek* court rejected that argument in this same context, and even *relied on Meyers* to do so. *Mocek*, 220 F. Supp. 3d at 912 ("Defendant insists that because federal courts have an independent obligation to satisfy themselves of their own jurisdiction before passing on the merits of a claim, it follows that I must determine whether plaintiff has Article III standing regardless of whether some other threshold matter compels remand. But that argument is belied by *Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818 (7th Cir. 2016)[.]"). All *Meyers* did was decline to rule on standing—an issue that had been "abandoned … on appeal" and not "briefed" by either party—where the sovereign immunity question presented to it resolved that the district court's dismissal should be affirmed. *Meyers*, 836 F.3d at 821. That holding offers no help to Defendants here.

Even putting Defendants' well-established burden aside, an independent inquiry of Article III standing would change the outcome only if the Court decides Article III standing exists—a position that, as Defendants point out, no party has taken. And perhaps for good reason. Plaintiffs' complaint pleads a theory of taxpayer standing—a doctrine that Plaintiffs do not assert has been widely accepted by federal courts. *See, e.g.*, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006). Rather, Plaintiffs filed their complaint in the Wisconsin court system, where taxpayer standing is "well-established law." *Fabick v. Evers*, 2021 WI 28, ¶ 10, 396 Wis. 2d 231, 956 N.W.2d 856. As the Seventh Circuit explained in *Collier*, "Article III does not apply in state courts," and "a state's standing doctrine 'is the business' of its own courts." *Collier*, 889 F.3d at 895, 897. Even when "they are called upon to interpret the Constitution," "state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).

## III. This Court should award Plaintiffs their costs and fees incurred as a result of removal.

Defendants' problematic strategy has resulted in a waste of both the federal judiciary's and the parties' resources. It has delayed the case before the state court for no defensible reason. The thrust of case law, including the authoritative *Collier*, 889 F.3d 894, the on-the-nose *Mocek*, 220 F. Supp. 3d 910, and many others[1], shows that Defendants lacked an "objectively reasonable basis for seeking removal."

[1] *See, e.g.*, Dkt. 12 at 5 n.1 (collecting cases from several circuits holding that remand, not dismissal, is required when plaintiff lacked standing in removed case).

*Wisconsin v. Amgen*, 516 F.3d 530, 534 (7th Cir. 2008) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)).

As the *Mocek* court reasoned, Defendants' "professed strategy of removing the case on the basis of federal jurisdiction, only to turn around and seek dismissal with prejudice—a remedy not supported by any of defendant's cases—on the ground that federal jurisdiction was lacking, unnecessarily prolonged the proceedings." *Mocek*, 220 F. Supp. 3d at 914. That reasoning applies with full force here. In fact, having had the benefit of *Mocek* in the body of published case law, Defendants had even less of an objectively reasonable basis to deploy that exact strategy than the *Mocek* defendant, against whom the court awarded attorney's fees.

Defendants try to distinguish themselves from the defendants in *Mocek* to no avail. They point out the *Mocek* court found that "no party ask[ed] for the merits of plaintiff's claim to be decided in federal court," and that "both sides [were] arguing against federal jurisdiction." Dkt. 16, at 4–5. This situation, they claim, is different because "Plaintiffs do not take a position on Article III standing. Rather, they simply argue Defendants have not met their burden of establishing it." Dkt. 16, at 5. But all the *Mocek* court said about the plaintiff's position was that "[p]laintiff does not dispute that I lack jurisdiction, emphasizing that it is *defendant* who bears the burden of establishing federal jurisdiction." *Mocek*, 220 F. Supp. 3d at 911 (emphasis in original). That is identical to Plaintiffs' position here. Plaintiffs are not disputing that the Court lacks jurisdiction—hence, their motion to remand presently before the Court—and are emphasizing that the standing burden belongs to Defendants, who

have openly failed to carry that burden. Contrary to Defendants' suggestion, the *Mocek* court gave no indication that plaintiffs in this situation must occupy the bizarre position of expressly admitting that they lack Article III standing in order to hold the removing party to its burden. In any event, it is the court's "independent obligation to examine [its own jurisdiction," including the plaintiff's standing. *United States v. Hays*, 515 U.S. 737, 742 (1995).

Defendants' second point of distinction is not just more convoluted; it's even more incorrect. They argue that, unlike *Mocek* where "both sides [were] arguing against federal jurisdiction," here "Defendants *do* ask this Court to address the merits of Plaintiffs' complaint—Defendants' standing argument is presented *in addition to* Defendants' argument that Plaintiffs' complaint fails to state a claim in the first instance." Dkt. 16, 4–5. It appears that Defendants are suggesting that the *Mocek* defendant was *not* asking the court to address a motion to dismiss—which is flat-out wrong.

Defendants apparently misunderstand that the *Mocek* defendant had—like them—removed the case to federal court, then moved to dismiss based on lack of standing. That is the sense in which it was asking the court to address the merits of the plaintiff's complaint. When the defendant later moved to dismiss for lack of standing, the *Mocek* court called out the defendant for "tr[ying] to have it both ways by asserting, then immediately disavowing, federal jurisdiction, apparently in hopes of achieving outright dismissal, with prejudice, rather than the remand required by § 1447(c)." *Mocek*, 220 F. Supp. 3d at 914. Defendants offer no basis to distinguish

their strategy from the one the *Mocek* court admonished. As such, Defendants similarly lacked an "objectively reasonable basis for seeking removal" and Plaintiffs are entitled to recover fees and costs incurred as a result of such removal. *Id.* at 915.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to remand and award them attorneys' fees and costs incurred as a result of Defendants' removal.

Dated: November 18, 2026

Respectfully submitted,


WISCONSIN INSTITUTE
FOR LAW & LIBERTY

*s/ Daniel P. Lennington*

Daniel P. Lennington (#1088694)
Rebecca C. Furdek (#1101543)
Kirsten A. Atanasoff (#1116561)

1241 N. Franklin Place
Milwaukee, WI 53202
Phone: (414) 727-9455

Dan@will-law.org
Rebecca@will-law.org
Kirsten@will-law.org

*Attorneys for Plaintiffs*